# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISON

AUSTIN SCHAFF,
on behalf of himself and on behalf of
all others similarly situated,

    Plaintiff,

v.                                        Case No.:

                                                  DEMAND FOR JURY TRIAL

TD AMERITRADE, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiff, Austin Schaff ("Plaintiff"), files this Class Action Complaint against TD Ameritrade, Inc. ("TD Ameritrade" or "Defendant") and states as follows.

## INTRODUCTION

1. Named Plaintiff Austin Schaff is an adult citizen of Florida and resides in Hillsborough County, Florida.

2. At all times material hereto, Plaintiff Austin Schaff acquired the TD Ameritrade mobile phone application and utilized the same to acquire, trade and hold securities in Florida.

3. TD Ameritrade is a financial services holding company incorporated in Delaware, whose subsidiaries provide financial and investment services via an internet/cloud-based platform that is also available on mobile phones.

4. On January 28, 2021, Defendant banned trading shares of GameStop Corp ("GME").

5. At the time Plaintiff owned thousands of dollars' worth of GME stock and options.

6. Defendant's banning of trading shares of GME caused the GME stock price to drop

significantly.

7. Plaintiff suffered a tangible injury in the form of economic loss due to Defendant's banning of trading shares of GME.

8. As a result of these violations, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION, VENUE, AND PARTIES

9. This Court has original jurisdiction over this matter under the Class Action Fairness Act and 28 U.S.C. §1332. This is a putative class action in which: (1) there are 1 million or more members in the Class; (2) at least some members of the proposed class have different citizenship from at least one Defendant and the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

10. Venue is appropriate as Defendant conducts business in this district; a substantial part of the events and omissions that give rise to the claims alleged herein occurred in this district; and brokerage records related to sale of securities and its books and records are maintained and administered in this district.

## FACTUAL ALLEGATIONS

11. Defendant provides low-commission trading for stocks, funds and options using an internet/cloud-based platform for individual customers and/or users.

12. It offers these services to its customers and/or users through its mobile phone based application as an alternative to the traditional financial services provided in person, over the telephone or on the Internet.

13. On January 28, 2021, Defendant blocked Plaintiff and the putative class members he seeks to represent from trading GME.

14. In the days and weeks prior to this traders, like Plaintiff, had noticed that the short interest on the stock relative to the float was somewhere between 140-250%.

15. In layman's terms, when someone shorts the stock, they borrow it from a brokerage and sell the stock right away, and when they want to exit their position they buy the stock back and give it back to the brokerage. If the stock goes down in that time frame they make money, if it goes up they lose money.

16. There were roughly 70M shares of stock shorted with only approximately 40M shares of the stock available. Traders saw an opportunity for a short squeeze to force those shorts to have to buy back their shares at much higher prices

17. As a result of this analysis, which was readily available to the public, GME had been skyrocketing for two weeks. Many "Reddit" users also made it known that large Wallstreet hedge funds had "bet against" GME, and many took issue that that position.

18. GME went from trading around the $450 mark at 7 a.m. down to 126 at 11:19 a.m., causing common stock shareholders a greater than 70% loss of value.

19. As a large percentage of Defendant users own GME, and virtually all Defendant users being retail traders, there was no way for Plaintiff and the putative class members to participate in a free market.

20. This negatively affected Plaintiff and the putative class members portfolio's, as well as the value of the stock for the other shareholders of the 40M of GME common stock.

21. In sum, this is blatant market manipulation by Defendant which artificially caused the price of the stock to drop while large hedge funds could profited handsomely.

22. According to a statement made by a spokesman for Defendant: "In the interest of mitigating risk for our company and clients, we have put in place several restrictions on some

transactions in GME, AMC and other securities,"[1] a spokeswoman for TD Ameritrade told MarketWatch, referring to the ticker symbols of the companies. "We made these decisions out of an abundance of caution amid unprecedented market conditions and other factors."[2]

23. However, contrary to these statements by Defendant, upon information and belief Defendant's intent to shut down trading of GME is to actually protect its own position, and its big-money Wallstreet allies like Citadel Securities from whom Defendant receives most of its orders from.[3] This is classic market manipulation.

24. Indeed, GME was trading below $20 earlier this month.

25. Because GME stock prices have raised significantly, large financial institution investors have been forced to "cover their bets" so-to-speak by buying the stock at the higher prices, increasing the stock even further.

26. Following Defendant's announcement as to the GME trading restrictions, the GME stock price has since dropped to $226 per share, inflicting serious economic harm on investors like Plaintiff, and the putative class members he seeks to represent.

27. In sum, upon information and belief Defendant is manipulating the market to assist Citadel which, in turn, helps Defendant.

28. And while Defendant's website claims that "market volatility" is the reason for its GME trading restrictions, Defendant only did so after Wall Street insiders demanded something be done about the amateur traders' "manipulation" of GameStop stock.

29. As another article went on to explain, " 'It's hard to find market manipulation more flagrant than this."[4]

---

[1] https://www.marketwatch.com/story/gamestop-amc-trading-is-now-being-restricted-at-td-ameritrade-11611769804
[2] *Id.*
[3] https://www.tdameritrade.com/retail-en_us/resources/pdf/AMTD2054.pdf.
[4] https://www.gobankingrates.com/investing/strategy/gaming-market-retail-investor-s-quick-guide-short-selling/. (quoting Glenn Greenwald).

30. Even the White House is reportedly monitoring the situation.[5]

31. Not only that, members of both U.S. political parties have been discussing the actions taken like those taken by Defendant in this lawsuit, including, for example, U.S. Senator Ted Cruz, R-Texas,[6] and Rep. Rashida Tlaib, D-Mich., a member of the financial services committee, who called such trading moves "beyond absurd" and demanding a hearing on "market manipulation."[7]

32. Based on the foregoing Plaintiff brings this putative class action seeking damages and injunctive relief against Defendant.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

**All TD Ameritrade users in the United States who owned GME securities as of January 28, 2021.**

34. Plaintiff is a member of the Class he seeks to represent. Plaintiff used TD Ameritrade's online services to acquire, trade and hold GME shares.

35. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

36. <u>Typicality</u>: Plaintiff's claims are typical of the Class. All class members suffered the same economic harm with respect to their GME holdings.

37. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

---

[5] https://markets.businessinsider.com/news/stocks/Defendant-removes-gamestop-amc-reddit-wallstreetbets-fueled-stock-rally-gme-2021-1-1030015292

[6] ("AOC, Ted Cruz, Ro Khanna and other lawmakers criticized Defendant after it restricted trading in GameStop and other companies targeted by the irreverent WallStreetBets Reddit forum." https://www.cnbc.com/2021/01/28/gamestop-cruz-ocasio-cortez-blast-Defendant-over-trade-freeze.html.

[7] https://www.cnbc.com/2021/01/28/gamestop-cruz-ocasio-cortez-blast-Defendant-over-trade-freeze.html.

38. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

39. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

40. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

41. Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure.  The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator.

## CLASS CLAIM I FOR RELIEF
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42. Plaintiff and class members adopt and incorporate paragraphs 1-8, and 11-32, in full.

43. Defendant breached its implied warranty of merchantability by failing to provide a trading platform that is acceptable and reasonably fit for the ordinary purposes for which it was being contracted, in this case, for including but not limited to: the purchase and sale of GME stocks.

44. Defendant is a merchant with respect to the kind of goods at issue, as Defendant is a broker-dealer engaging in the securities markets.

45. Plaintiff and class members have all been damaged in a similar manner due to

Defendant's breach of implied warranty of merchantability.

46. Plaintiff requests relief as hereinafter described.

## CLASS CLAIM II FOR RELIEF
### NEGLIGENCE

49. Plaintiff and class members adopt and incorporate paragraphs 1-8, and 11-32, in full.

50. Defendant owed a duty to Plaintiff and class members to exercise reasonable care in maintaining and supporting Defendant's internet/cloud-based trading platform so that Plaintiff and class members would not be adversely affected by Defendant's unilateral decision to halt purchasing or trading of GME.

51. This duty includes, *inter alia*, designing, maintaining, and allowing for buying and trading to ensure Defendant does not manipulate the market and, in turn, cause economic harm to its customers, like Plaintiff and the putative class members.

52. Defendant had a duty to provide a system and platform free from market manipulation.

53. Defendant breached its duty to exercise reasonable care in safeguarding and protecting Plaintiff's and other class members' assets from market manipulation by virtue of halting all buying or trading of GME on its app on January 28, 2021.

54. Defendant further breached its duty by failing to provide adequate support to the trading platform to ensure that it could continue to function during an uptick in trading volume and user engagement.

55. Plaintiff and class members have all been damaged in a similar manner due to Defendant's negligence.

56. Defendant's negligence was the direct and proximate cause of the damages suffered by Plaintiff and the other class members

## **PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiffs respectfully request that this Court find in favor of them and the Class of similarly situated individuals and against Defendant as follows:

a. Certify this case as a class action;

b. Designate Plaintiff as Class Representative;

c. Designate Plaintiff's counsel of record as Class Counsel;

d. Order appropriate equitable relief to remedy the inappropriate conduct;

e. Award Plaintiff and all others similarly situated the full value of all damages sustained now or in the futures as a result of Defendant's conduct;

f. Award Plaintiff and all others similarly situated all damages, interest and attorneys' fees recoverable under applicable laws;

g. Award Plaintiff and all others similarly situated punitive damages, compensatory and other damages;

h. Order injunctive relief including but not limited to an Order requiring that Defendant's allow for buying and trading of GME stock (as well as continued selling), as well as requiring Defendants to implement adequate redundancy or backup processes to ensure that should a system outage occur there is another avenue for customers and/or users to access, control and trade their cash, securities and/or other property.

i. Award Plaintiff and all others similarly situated any and all other relief as this Court deems just and proper; and

j. That this matter be tried by a jury.

Dated this 28th day of January, 2021.

Respectfully submitted,

/s/ Brandon J. Hill

**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiffs**

**And**

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**Justice for Justice LLC**
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of January, 2021, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send a copy to all counsel of record.

/s/ Brandon J. Hill

**BRANDON J. HILL**